# Exhibit A

# FEDERAL DEPOSIT INSURANCE CORPORATION
# WASHINGTON, D.C.

| | |
|---|---|
| In the Matter of:<br><br>**CBW BANK**<br>Weir, Kansas<br><br>(Insured State Nonmember Bank) | Docket No.:<br>FDIC-22-0171k |

## ORDER NO. 4: DENYING MOTION TO STAY

The Federal Deposit Insurance Corporation ("FDIC") filed a Notice of Assessment of Civil Money Penalty ("Notice") against Respondent CBW Bank ("Respondent") in the above-captioned proceedings on November 19, 2024. The same day, Respondent filed a parallel action in federal district court as a collateral attack on these proceedings. Respondent now argues that this matter should be stayed indefinitely pending resolution of the federal court action. *See* December 9, 2024 Motion to Stay ("Motion") at 1. Enforcement Counsel for the FDIC opposes Respondent's Motion, asserting that such a stay is unwarranted "under the controlling regulation and the law." December 19, 2024 Response in Opposition to Motion to Stay ("Response") at 2. The undersigned agrees with Enforcement Counsel.

Under the Uniform Rules of Practice and Procedure that govern adjudicatory enforcement proceedings before the Office of Financial Institution Adjudication ("OFIA"), such proceedings "will continue without regard to the pendency of" collateral attacks brought in any other court.[1] Moreover, 12 U.S.C. § 1818(i) explicitly divests federal district courts of "jurisdiction to affect by

---

[1] 12 C.F.R. § 308.17 ("If an interlocutory appeal or collateral attack is brought in any court concerning all or part of an adjudicatory proceeding, the challenged adjudicatory proceeding will continue without regard to the pendency of that court proceeding.").

injunction or otherwise" any proceedings before this Tribunal.[2] Together these binding authorities conclusively resolve the question of whether a stay is appropriate here.

While Respondent contends that the parallel district court action is not a "collateral attack" for which a stay would be proscribed by the Uniform Rules but merely "a challenge to the authority of the FDIC to bring these claims" before this Tribunal (Motion at 4), this is a distinction with no difference at all. The Uniform Rules do not discriminate between collateral attacks on the merits and collateral attacks on so-called structural constitutional grounds; rather, they specifically state that any action "brought in any court concerning *all or part of an adjudicatory proceeding*" shall not operate to stay "the challenged adjudicatory proceeding."[3] Respondent is challenging the validity of OFIA proceedings in another forum, and the Rules provide that such challenges are not grounds for a stay of the underlying OFIA proceedings. It is as simple as that.

Further, as Enforcement Counsel notes, the "plain" and "preclusive" statutory language of Section 1818(i)—which Respondent does not even cite in its Motion—makes it clear that federal district courts are not empowered to grant the injunctive relief that Respondent seeks against this Tribunal in any event.[4] Pursuant to that language, district court judges in Missouri, Rhode Island, and the District of Columbia, both before and after the Supreme Court's *Axon* and *Jarkesy* decisions upon which Respondent rests much of its argument, have held that Section 1818(i) applies to structural constitutional claims as equally as any other challenges to OFIA proceedings, and have dismissed collateral attacks against those proceedings as a result.[5] And although

---

[2] 12 U.S.C. § 1818(i)(1).

[3] 12 C.F.R. § 308.17 (emphasis added).

[4] Response at 6 (quoting *Bd. of Governors of Fed. Reserve Sys. v. MCorp. Fin. Inc.*, 502 U.S. 32, 38 (1991)); *see also*, *e.g.*, *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 208 (2023) (Gorsuch, J. concurring) (stating that "statutes clearly defining the jurisdiction of the courts must control" and giving Section 1818(i) as example of explicit jurisdiction-stripping) (internal quotation marks and citation omitted).

[5] *See Bonan v. FDIC*, No. 23-cv-008, 2023 WL 156852, at **3, 4 (E.D. Mo. Jan. 11, 2023) (noting that "Congress has spoken clearly and directly" and that Section 1818(i) "explicitly divests this Court of jurisdiction to grant the

Respondent professes that its instant federal district court action is necessary because it lacks "other adequate means to attain the desired relief,"[6] this is not correct: like all subjects of FDIC enforcement actions, Respondent may raise any challenges to the proceeding, including structural constitutional challenges, by appealing to the appropriate appellate court once a final order is issued by the agency.[7] Nor does the fact that Respondent's challenge is premised in part on Seventh Amendment grounds (*see* Motion at 6) change matters or impart a special urgency to the nature of Respondent's asserted injury that requires immediate resolution in federal court, as "[i]t is well-established that the harm resulting from the denial of a jury trial can be remedied on appeal, even after the case has already been tried—the reviewing court simply orders a new trial."[8]

Accordingly, and for the foregoing reasons, Respondent's Motion to Stay is **DENIED.**

**SO ORDERED.**

Issued: December 30, 2024

_____
Jennifer Whang, Administrative Law Judge
Office of Financial Institution Adjudication

---

injunctive and declaratory relief sought" on the "structural constitutional claims" being raised) (internal quotation marks and citation omitted); *Ponte v. FDIC*, 673 F. Supp. 3d 145, 150 (D.R.I. 2023) (holding that Section 1818(i) expressly divests district courts of jurisdiction to consider respondent's claim that he is not an institution-affiliated party of Independence Bank and for other declaratory and injunctive relief in the face of FDIC administrative enforcement proceedings); *Ponte v. FDIC*, No. 23-cv-165, 2023 WL 6441976, at *2 (D.R.I. Oct. 3, 2023) (holding that the Supreme Court's *Axon* decision does not change this result, even if a respondent is asserting structural constitutional claims, because "Congress . . . was explicit [in Section 1818(i)] that district courts are not to 'affect' FDIC enforcement proceedings"); *Ponte v. FDIC*, No. 24-cv-2379, 2024 WL 4730602, at *1 (D.D.C. Oct. 11, 2024) (dismissing collateral attack to OFIA proceedings and noting that '[t]o prevent regulated parties from interfering with the comprehensive power of the FDIC, Congress severely limited the jurisdiction of courts to review ongoing administrative proceedings' initiated by the Agency") (quoting *Ridder v. OTS*, 146 F.3d 1035, 1039 (D.C. Cir. 1998)) (internal bracketing omitted).

[6] Motion at 6 (internal quotation marks, citation, and bracketing omitted).

[7] *See Bonan*, 2023 WL 156852, at *4 ("FDIC Enforcement proceeding respondents, like Plaintiff, who wish to raise constitutional challenges must raise them with the Court of Appeals, either to the D.C. Circuit or to the circuit where the bank's home office is located, at the conclusion of the proceeding."); *see also* 12 U.S.C. § 1818(h) (providing the twin appellate fora for final agency orders arising from OFIA enforcement proceedings and stating that "[j]udicial review of any such order shall be exclusively as provided in this subsection").

[8] *Ponte*, 2024 WL 4730602, at *8 (citing cases).

## CERTIFICATE OF SERVICE

On December 30, 2024, I served a copy of this **Order** upon the following individuals via email:

Administrative Officer
Federal Deposit Insurance Corporation
550 17th Street, NW
Washington, DC 20429
ESSenforcementactiondocket@fdic.gov

Enforcement Counsel:
Seth P. Rosebrock, Assistant General Counsel (srosebrock@fdic.gov)
Anthony J. Borzaro III, Senior Attorney (aborzaro@fdic.gov)
550 17th Street NW
Washington, DC 20429

Sonya L. Allen, Regional Counsel (soallen@fdic.gov)
Gabrielle A. J. Beam, Deputy Regional Counsel (gabeam@fdic.gov)
J. Spencer Culp, Senior Attorney (jaculp@fdic.gov)
1100 Walnut Street, Suite 2100
Kansas City, MO 64106

John B. Parker, Counsel (jparker@fdic.gov)
10 10th Street, Suite 900
Atlanta, GA 30309

Mahfouz Ackall, Senior Attorney (mackall@fdic.gov)
300 South Riverside Plaza, Suite 1700
Chicago, IL 60606

Counsel for Respondent:
Allen Denson (allen.denson@morganlewis.com)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

Daniel B. Tehrani (daniel.tehrani@morganlewis.com)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

Emily E. Renshaw (emily.renshaw@morganlewis.com)
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110

Matthew R. Ladd (matthew.ladd@morganlewis.com)
Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, TX 75201

_____
Jason Cohen, Esq.
Office of Financial Institution Adjudication
3501 N. Fairfax Drive, Room D-8111
Arlington, VA 22226-3500
jcohen@fdic.gov, (571) 216-5308