UNITED STATES DISTRICT COURT
FOR DISTRICT OF KANSAS

| | |
|---|---|
| **CBW BANK,** a Kansas State Chartered Bank**,**<br><br>  **Plaintiff,**<br><br>  v.<br><br>The **FEDERAL DEPOSIT INSURANCE CORPORATION**; **JENNIFER WHANG**, in her official capacity as an ALJ of OFIA; and **C. SCOTT MARAVILLA**, in his official capacity as an ALJ of OFIA,<br><br>  **Defendants.** | Case No. 24-cv-2535-DDC-BGS |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXCEED PAGE LIMITS**

Plaintiff CBW Bank ("CBW") submits this brief response to Defendants' Motion to Exceed Page Limits (the "Motion"), filed earlier today. ECF 28. The Motion should be denied.

At the outset, CBW notes that it ordinarily would not object to or respond to a motion such as this. The strength of CBW's legal position is the same no matter how many pages the Defendants devote to justifying its violations of CBW's constitutional rights. Unfortunately, here, however, the Defendants are attempting to manipulate the Court's prescribed briefing schedule. And rather than discuss this effort in good faith, Defendants instead rushed to file this Motion. It is for that reason that CBW responds.

As is plain from the email thread attached to the Motion (ECF 28-1), FDIC's counsel first raised the issue of page limits with counsel for CBW this morning, citing "page count parity" as the reason for Defendants' requested increase from five pages to 15. ECF 21-1 at 3. Counsel for CBW responded promptly, asking counsel to explain the reasoning behind the request for 10 additional pages. FDIC's counsel reiterated its view that the requested extension would "put the parties at equal page counts," added that the extension would also permit Defendants to respond

to an anticipated amicus filing and noted that the FDIC had previously agreed to an extension of CBW's page limits. *Id.* at 2. Counsel for CBW observed that while CBW disagreed with the basis for this comparison—given that CBW completed its briefing within its allotted page limits and given the FDIC's own admission that it expected the amicus to largely duplicate CBW's arguments—nevertheless if Defendants "would like to propose a reasonable page expansion, we will consider it." *Id.* at 1. Counsel for the FDIC did not respond—and still has not responded—to CBW's offer and, less than an hour after receiving it, filed this Motion.

Defendants' purported desire for "page count parity" is specious. CBW has remained within its total allotted page limits for its preliminary injunction motion, its opposition to Defendants' motion to dismiss, and its preliminary injunction reply. *See* ECF 2; ECF 17. It was Defendants' choice to file a 20-page combined response to CBW's preliminary injunction motion and a motion to dismiss, rather than filing separate (or combined) responses that would have offered additional pages at the outset. At no point did Defendants inform CBW that they were simply deferring those 10 pages to their reply after CBW, having completed its own briefing, could no longer respond.

Further, Defendants' argument that they need three times their allotted reply pages to respond to the proposed amicus brief is farcical. Defendants have opposed the filing of the brief because they believe it adds nothing new (somehow drawing that substantive conclusion before asking to review or reviewing the substance). Rather than concede the unique perspective the Amici have provided, however, Defendants instead attempt to justify their position by linguistically distinguishing the words "largely" and "entirely." This is not a legitimate basis for the relief requested.

2

For the foregoing reasons, Defendants' efforts to circumvent the Court's briefing schedule through its Motion to Exceed Page Limits should be denied.[1]

Dated: January 24, 2025          Respectfully submitted,

**BERKOWITZ OLIVER LLP**

*/s/ Anthony J. Durone*
Anthony J. Durone (KS Bar # 17492)
Carson M. Hinderks (KS Bar # 25079)
2600 Grand Boulevard, Suite 1200
Kansas City, MO  64108
Telephone: 816.561.7007 / Fax:  816.561.1888
adurone@berkowitzoliver.com; chinderks@berkowitzoliver.com

**MORGAN LEWIS & BOCKIUS LLP**

Allen H. Denson (*pro hac vice*)
D.C. Bar No.: 999210
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004-2541
allen.denson@morganlewis.com
Tel: (202) 739-3000 / Fax: (202) 739-3001

Daniel B. Tehrani (*pro hac vice*)
N.Y. Bar No.: 4422945
101 Park Ave
New York, NY 10178-0060
daniel.tehrani@morganlewis.com
Tel: (212) 309-6150 / Fax: (212) 309-6001

Catherine L. Eschbach (*pro hac vice*)
TX Bar No.: 24097665
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006
catherine.eschbach@morganlewis.com
Tel: (713) 890-5719 / Fax: (713) 890-5001

*Attorneys for CBW Bank*

---

[1] Defendants' have explicitly represented that they are only seeking additional pages for its Motion to Dismiss reply (the only brief left to be filed).  To the extent the reason they are asking for three times the allotted reply space is to respond to arguments from CBW's motion for a preliminary injunction that they had an opportunity to address to in their combined filing, that would constitute a sur-reply for which they must seek explicit permission from the Court.

3

## **CERTIFICATE OF SERVICE**

      I certify that on January 24, 2025, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                        */s/ Anthony J. Durone*
                                        *Attorney for CBW Bank*