UNITED STATES DISTRICT COURT
FOR DISTRICT OF KANSAS

| | |
|---|---|
| **CBW BANK,** a Kansas State Chartered Bank**,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>The **FEDERAL DEPOSIT INSURANCE CORPORATION**; **JENNIFER WHANG**, in her official capacity as an ALJ of OFIA; and **C. SCOTT MARAVILLA**, in his official capacity as an ALJ of OFIA,<br><br>    **Defendants.** | Case No. 24-cv-2535-DDC-BGS |

### PLAINTIFF'S RESPONSE TO FDIC'S NOTICE OF CHANGE IN POSITION

FDIC makes the extraordinary representation to this Court that it intends to subject CBW to an unconstitutional administrative proceeding. Rather than dismiss the notice giving rise to that proceeding, FDIC instead asks this Court to allow it to subject CBW to a proceeding it confesses "do[es] not comport" with the Constitution. In FDIC's view, it can violate the Constitution, and this Court has no remedy. That cannot be correct.

DOJ's position statement states that "multiple layers of removal restrictions shielding administrative law judges (ALJs) are unconstitutional." Exhibit A. FDIC's notice of change in position is not enough in light of that statement. *Leachco v. CPSC*, 103 F.4th 748 (10th Cir. 2024) and *Collins v. Yellen*, 594 U.S. 220, 259 (2021), do not authorize FDIC to subject CBW to proceedings it concedes are unconstitutional. *Leachco*'s analysis and adoption of *Collins* was made in the irreparable harm context, not in a merits context. *See* 103 F.4th at 755-58. Under FDIC's new position, it therefore agrees Count II is well-pleaded. But even for preliminary injunction purposes, this case is entirely different from *Leachco* in terms of harm analysis, since

FDIC admits that the proceeding it intends to subject CBW to is unconstitutional.[1] FDIC's counsel has confessed constitutional error and yet refuses to take any steps to remedy it.

DOJ's position statement also supports Count I of CBW's Complaint. The multiple unconstitutional removal restrictions exacerbate the "close relationship" between ALJ and prosecuting agency that make it "extremely difficult, if not impossible, for th[e ALJ] to convey the image of being an impartial fact finder." *SEC v. Jarkesy*, 603 U.S. 109, 143 (2024) (Gorsuch, J., concurring). Further, DOJ's statement supports CBW's preliminary injunction motion, because it increases CBW's likelihood of success on both counts. *See* ECF 1 at 16-19; ECF 2 at 5-12.

In light of this supplemental authority, CBW requests that this Court order the relief requested in CBW's Complaint and deny FDIC's motion to dismiss.

---

[1] Although CBW did not initially move for a preliminary injunction on Count II, FDIC's change of position now supports a preliminary injunction.

Dated: February 24, 2025                    Respectfully submitted,

                                            **BERKOWITZ OLIVER LLP**

                                            */s/ Anthony J. Durone*
                                            Anthony J. Durone (KS Bar # 17492)
                                            Carson M. Hinderks (KS Bar # 25079)
                                            2600 Grand Boulevard, Suite 1200
                                            Kansas City, MO  64108
                                            Telephone: 816.561.7007
                                            Fax:  816.561.1888
                                            adurone@berkowitzoliver.com
                                            chinderks@berkowitzoliver.com

                                            **MORGAN LEWIS & BOCKIUS LLP**

                                            Allen H. Denson (*pro hac vice*)
                                            D.C. Bar No.: 999210
                                            1111 Pennsylvania Avenue, N.W.
                                            Washington, DC  20004-2541
                                            allen.denson@morganlewis.com
                                            Tel: (202) 739-3000 / Fax: (202) 739-3001

                                            Daniel B. Tehrani (*pro hac vice*)
                                            N.Y. Bar No.: 4422945
                                            101 Park Ave
                                            New York, NY 10178-0060
                                            daniel.tehrani@morganlewis.com
                                            Tel: (212) 309-6150 / Fax: (212) 309-6001

                                            Catherine L. Eschbach (*pro hac vice*)
                                            TX Bar No.: 24097665
                                            1000 Louisiana Street, Suite 4000
                                            Houston, TX 77002-5006
                                            catherine.eschbach@morganlewis.com
                                            Tel: (713) 890-5719 / Fax: (713) 890-5001
                                            *Attorneys for CBW Bank*

## **CERTIFICATE OF SERVICE**

I certify that on February 24, 2025, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                            */s/ Anthony J. Durone*
                                            *Attorney for CBW Bank*